FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -6  PM 12: 17

LORETTA G. WHYTE
CLERK

ZAINEY, J.
OCTOBER 5, 2005

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BETTER BUILDERS-DALLAS, INC. | CIVIL ACTION |
| VERSUS | NO. 04-3414 |
| DISCOVERY DEVELOPMENT, INC. | SECTION "A"(5) |

### ORDER AND REASONS

Before the Court are cross **Motions for Summary Judgment** by plaintiff Better Builders-Dallas, Inc. **(Rec. Doc. 25)** and defendant Discovery Development, Inc. **(Rec. Doc. 19)**. The motions, set for hearing on August 10, 2005, are before the Court on the briefs without oral argument. For the reasons that follow, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is DENIED.

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

I.   **BACKGROUND**

Plaintiff, Better Builders-Dallas, Inc. ("BBD"), alleges that defendant, Discovery Development, Inc. ("Discovery"), owes $608,706.62, for construction work performed at the Sun Valley Apartment Complex located in Slidell, Louisiana. Discovery is alleged to be the developer and owner of the land and improvements. (Pla. Comp. ¶ III). IGC, L.L.C. ("IGC"), not a party to this ligation, was the general contractor on the construction project. (Id.). IGC subcontracted with BBD to perform the rough carpentry work and framework for the Sun Valley project. (Pla. Memo. at 4). BBD claims that Discovery has refused to make payment for services rendered. On February 27, 2004, an entity called BBD Construction, L.P. recorded an affidavit of claim and privilege with the registrar of conveyances for St. Tammany Parish pursuant to the Louisiana Private Works Act. (Comp. Exh. A). In this lawsuit, BBD seeks to recover the $608,706.62, plus interest, costs and fees. BBD additionally prays to have the privilege recognized, and that the Sun Valley property be seized and sold to pay BBD's claim in preference to all other creditors. (Pla. Comp. ¶ X).

On June 20, 2005, BBD filed an amended complaint to clarify that BBD is Better Builders Dallas d/b/a BBD Construction. (Rec. Doc. 17).

On June 22, 2005, the 22nd JDC granted a petition for writ of mandamus filed by Discovery and ordered the lien/privilege canceled. BBD intends to take a suspensive appeal from that decision and a bond hearing is currently set for August 24, 2005. (BBD oppo. Exh. A).

## II.  THE PARTIES' CONTENTIONS

### 1.  *Plaintiff's Motion for Summary Judgment*

BBD moves for summary judgment enforcing its lien.[1]

In opposition, Discovery asserts that enforcement of the recorded lien was BBD's only basis for bringing this suit but now the lien has been ordered canceled. Defendant points out that BBD does not allege a contractual relationship between itself and Discovery and that there is no written contract between those two parties. Discovery points out that Discovery and IGC, the party with whom BBD was in contractual privity, are separate and

---

[1] Inexplicably, BBD filed its motion for summary judgment in this Court on July 26, 2005, and did not inform the Court that the lien it seeks to enforce had been ordered canceled on June 22, 2005.

3

distinct business entities. Discovery argues that without a contract BBD cannot recover on a theory of open account. Moreover, Discovery questions whether BBD actually does business under the name BBD Construction or whether BBD was really trying to amend its complaint to add BBD Construction, L.P. as a whole new plaintiff in this action.

In reply, BBD argues that IGC and Discovery have some common corporate officers thereby making a breach of contract action against Discovery appropriate. BBD also points out that a suit on open account can be based on an oral contract as well as a written contract. Finally, BBD argues that its lien is not invalid based upon the fact that it was filed under the name BBD Construction, L.P.

## 2. *Defendant's Motion for Summary Judgment*

Discovery moves for summary judgment in its favor by pointing out that the recorded lien has been canceled and without a contract BBD has no basis to recover against Discovery for monies allegedly owed by IGC.

In opposition, BBD points out that it will suspensively appeal the state court ruling pursuant to which the lien was

ordered canceled.

III. **DISCUSSION**

BBD's motion for summary judgement clearly must be DENIED. The sole basis upon which BBD has moved for summary judgment is the recorded lien. As of June 22, 2005, the lien was canceled and this Court cannot issue a judgment in BBD's favor based solely upon its intent to suspensively appeal.

Further, the state court judge has determined that the lien was invalid and BBD is already pursuing an appeal with the appropriate state appellate court. BBD has made arguments to this Court as to why the lien is valid but this Court has no authority or jurisdiction to review the rulings of the state court and this Court has no intention of retrying issues that have already been litigated in state court.

Furthermore, the assertions regarding common corporate officers that BBD has made in its reply memorandum go well beyond the scope of the complaint filed in this Court. The sole named defendant in this suit is Discovery and at no time has BBD alleged that piercing the corporate veil would apply under these facts. At this juncture the Court has no evidence before it that

would allow the Court to hold Discovery liable based upon the written contract given that Discovery was not a party to that contract. Likewise, the Court has no evidence upon which to determine that any oral contract existed between the parties. Thus, BBD is not entitled to judgment as a matter of law and its motion for summary judgment is DENIED.

Discovery's motion presents a much more difficult problem. The first basis upon which Discovery seeks summary judgment is that there is currently no recorded lien to enforce. This Court is loathe to dismiss this action to enforce the lien while the validity of the lien is an issue that remains pending in the state court system. On the other hand, this Court is not enthusiastic at the thought of holding this case in abeyance indefinitely while the validity of the lien is litigated to conclusion in state court.[2] BBD should note that this Court will not serve as a forum to collaterally attack that ruling if the ruling regarding the validity of the lien is ultimately upheld.

---

[2] In fact, when ruling from the bench the state court judge referred to a second case pending in state court regarding this matter in addition to this lawsuit pending in federal court. (Def. Exh. M). The Court is naturally concerned about concurrent lawsuits pending in state and federal court that potentially encompass the same issues.

6

The more difficult question presented by Discovery's motion is whether BBD can recover on any other basis given that BBD did not have a written contract with Discovery. The Court will assume for now that BBD is legally correct in asserting that an oral contract would form the basis for recovery on either a breach of contract theory or an open account theory but BBD has presented no evidence to create an issue of fact as to the existence of an oral contract between BBD and Defendant. And as noted above, BBD has presented no evidence to create an issue of fact that Discovery and IIG are corporate alter egos such that BBD could recover against Discovery for a contract that IIG allegedly breached. The mere presence of common ownership and/or common corporate officers alone will not suffice to carry BBD's burden. See Yates v. Southwestern Life Ins. Co., No. 97-3204, 1998 WL 87630 (E.D. La. Feb. 20, 1998) (Vance, J.) (citing Dalton v. R & W Marine, Inc., 897 F.2d 1359, 1363 (5th Cir. 1990); Hargrave v. Fireboard Corp., 710 F.2d 1154, 1159 (5th Cir. 1983)). This matter was to be pre-tried on September 1, 2005, and tried to a jury on Monday, September 26, 2005, so the time for conducting discovery was over even prior to the arrival of

7

Hurricane Katrina.  Discovery's motion for summary judgment is not wholly without merit.

Nevertheless, the key aspect of both motions for summary judgment was the lien filed in St. Tammany Parish.  For the reasons given above, neither party is entitled to summary judgment based upon the existence, or lack thereof, of the lien.  And because the validity of the lien is an issue pending in the state court litigation, the Court concludes that this matter should be stayed pending a ruling on that issue in state court.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment** filed by plaintiff Better Builders-Dallas, Inc. d/b/a BBD Construction **(Rec. Doc. 25)** should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 19)** filed by defendant Discovery Development, Inc. should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending proceedings in state court and the Clerk shall mark this designate this matter as **CLOSED** for administrative purposes.  The Court shall retain jurisdiction and the case shall be restored to

the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition.  This order shall not prejudice the rights of the parties to this litigation.

* * * * * * * *